NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 7 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW ALLEN WOODS, | No. 20-15693 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-08255-DJH-ESW |
| v. | |
| STEPHANIE HERRICK, NP; CORRECT CARE SOLUTIONS, | MEMORANDUM* |
| Defendants-Appellees. | |
| and | |
| SUMI ERNO, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Arizona
Diane H. Humetawa, District Judge, Presiding

Submitted June 21, 2021**

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Arizona state prisoner Matthew Allen Woods appeals pro se from the district

_____

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Woods's deliberate indifference claim against defendant Herrick because Woods failed to raise a genuine dispute of material fact as to whether Herrick was deliberately indifferent to Woods's chronic psoriasis. *See id.* at 1057-60 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; negligence and a mere difference in medical opinion are insufficient).

The district court properly granted summary judgment on Woods's deliberate indifference claim against defendant Correct Care Solutions because Woods failed to raise a genuine dispute of material fact as to whether any policy or custom of Correct Care Solutions caused him to suffer a constitutional injury. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (a private entity is liable under 42 U.S.C. § 1983 only if the entity acted under color of state law and the constitutional violation was caused by

2

the entity's official policy or custom).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Woods's motion to compel production of medical records (Docket Entry No. 11) is denied.

**AFFIRMED.**